UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:13-cr-00048-GFVT-HAI-2 |
| V. | ) ) | |
| LORAN BELCHER, | ) ) ) | **ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition filed by United States Magistrate Judge Hanly A. Ingram. [R. 356.] Defendant Loran Belcher is charged with five violations of her supervised release. [*Id.* at 2.] At a hearing before Judge Ingram on September 26, 2017, Ms. Belcher admitted the factual basis for all violations. The matter was then referred to Judge Ingram to recommend a proposed disposition.

On April 18, 2018, Judge Ingram issued a Recommended Disposition which recommends revocation of Ms. Belcher's term of supervised release and a twelve-month and one-day term of incarceration, followed by a three-year period of supervised release. [*See id.* at 8.] In reaching this recommendation, Judge Ingram ultimately adopted the joint recommendation of both of the parties. Judge Ingram considered the Defendant's past compliance with supervised release, but recognized her use of methamphetamine as being closely related to the offense for which she was convicted. [*Id.* at 6.] Judge Ingram also acknowledged that defendant was given an opportunity to complete an outpatient substance abuse program upon her initial violation, but was terminated from the program after she stopped attending. [*See id.* at 7.] On the whole,

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors throughout his Recommended Disposition, and he adequately explained why a sentence of mid-guideline sentence is appropriate in this case.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition advises the parties that objections must be filed within fourteen (14) days of service. [*Id.* at 7]; 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Recommended Disposition were made by either party. Instead, Ms. Belcher, through counsel, filed a waiver of allocution on April 25, 2018. [R. 358.]

Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [R. 356] as to Defendant Loran Belcher is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Loran Belcher is found to have violated the terms of her Supervised Release as set forth in the report filed by the United States Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Ms. Belcher's supervised release is **REVOKED**;

4. Ms. Belcher is sentenced to a term of **twelve (12) months and one (1) day of incarceration**, with a **thirty-six (36) month term of supervised release** to follow;

5. Upon Ms. Belcher's release, she shall continue under the conditions of supervised release previously imposed.

This the 30th day of April, 2018.

Gregory F. Van Tatenhove
United States District Judge