UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:13-cr-48-GFVT-HAI-2 |
| | ) | |
| V. | ) | |
| | ) | |
| LORAN BELCHER, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Recommended Disposition [R. 402] filed by United States Magistrate Judge Hanly A. Ingram. The Defendant is charged with violating three conditions of her supervised release: (1) unlawful use of a controlled substance; (2) not commit another federal, state, or local crime; and (3) not communicate or interact with someone you know is engaged in criminal activity. *Id.* at 2. Judgment was originally entered against the Defendant on February 12, 2015, after Ms. Belcher pleaded guilty to conspiracy to manufacture a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 846. *Id.* at 1. She was originally sentenced to forty-eight months of imprisonment followed by a three-year term of supervised release. *Id.* Ms. Belcher began her term of supervised release on February 8, 2017. *Id.*

Ms. Belcher violated her supervised release the first time when she admitted to using Suboxone after her urine tested positive for buprenorphine. *Id.* at 2. This violation resulted in a requirement that she participate in mental health and substance abuse treatment. *Id.*

Ms. Belcher then had her supervised release revoked for: "failure to participate in substance abuse treatment; associating with a convicted felon without permission; associating with a convicted felon without permission; failure to report to the Probation Office as directed; use of a controlled substance; and commission of a crime." *Id.* For these violations, she was sentenced to twelve months and one day of imprisonment followed by three-years of supervised release. *Id.* Ms. Belcher was released on February 21, 2019, and began her second term of supervised release. *Id.*

On February 27, 2019, Ms. Belcher was charged with three violations. *Id.* The first two violations have the same factual basis. *Id.*

First, the Report complains that Ms. Belcher unlawfully used a controlled substance. *Id.* at 2. As the basis for this violation, the Report alleges that the Defendant provided a urine sample that tested positive for methamphetamine. *Id.* Ms. Belcher confessed to her probation officer that she used methamphetamine. *Id.* This conduct would constitute a Grade B violation. *Id.*

Second, the Report alleges that Ms. Belcher's positive drug test and confession have triggered a violation of his agreement "not [to] commit another federal, state or local crime." *Id.* Because of Ms. Belcher's prior drug conviction, use is the same as possession. Therefore, her confession and positive drug test would be a Class E Felony. *Id.* This conduct constitutes a Grade B violation. *Id.*

Finally, the Report charges her with violating the condition that: she "not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting permission of the probation officer." Ms. Belcher admitted to doing methamphetamine with Brian Smith, a convicted felon. *Id.* She never received permission from

her probation officer to see him.  *Id.*  And Smith is the same person she was with for her previous violations.  *Id.*  This is a Grade C violation.

At the final revocation hearing, held on April 15, 2019, Belcher competently entered a knowing, voluntary, and intelligent stipulation to all violations that had been charged by the USPO in the Supervised Release Violation Report.  [R. 397.]  On April 30, 2019, Magistrate Judge Ingram issued a Recommended Disposition which recommended revocation of Belcher's supervised release and a term of fourteen months of imprisonment with a three-year term of supervised release.  [R. 402 at 8.]

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors in coming to his recommended sentence.  *Id.* at 7.  Ms. Belcher has violated the terms of her supervised release three times.  *Id.* at 6.  What is more, she has violated quickly after release.  *Id.*  But her candor with probation and desire to be better for her daughter increases the likelihood of rehabilitation.  *Id.*  Ms. Belcher's multiple violations means that the Court must impose a lengthy term of incarceration to deter criminal conduct and protect the public from future crimes.  *Id.*

Ms. Belcher's use of drugs is linked closely with the circumstances of his underlying offense.  *Id.*  Her continued association with individuals who use of illegal substances puts her at risk of making poor choices and additional criminal conduct.  *Id.*  She must remove herself from that life and comply with her conditions of release.  *Id.* at 8.  Hopefully, the incentive of early termination of her supervised release for complete compliance will be a strong incentive.  *Id.*

Finally, Belcher's violation is a serious breach of the Court's trust.  *Id.*  The Defendant has violated the terms of her release on multiple occasions.  *Id.*

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within fourteen (14) days of

service. [*Id*. at 9.] *See* 28 U.S.C. § 636(b)(1). No objections have been filed, and Defendant Belcher submitted a waiver of allocution. [R. 403.] Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 402**] as to Defendant Lorena Belcher is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Belcher is found to have violated the terms of her Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Belcher's Supervised Release is **REVOKED**;

4. Ms. Belcher is **SENTENCED** to the Custody of the Bureau of Prisons for a term of fourteen months of imprisonment;

5. A three-year term of supervised release under the same conditions originally imposed in the prior revocation judgment [R. 360] along with the added condition that, after eighteen months of strict post-release compliance, Defendant may petition the Court for early termination of supervision; and

6.      The Defendant is recommended for placement at a BOP facility close to her home.

This the 13th day of May, 2019.

Gregory F. Van Tatenhove
United States District Judge